DONALD E. PERCY, Secretary Department of Health Social Services
You have requested my opinion as to whether sec. 971.17(4), Stats., which provides automatic credit for good behavior for persons who have been committed to the care of the Department of Health and Social Services pursuant to sec. 971.17, Stats., as a result of having been found not guilty by reason of mental disease or defect, should be applied retroactively.
Section 971.17(4), Stats., provides:
 When the maximum period for which a defendant could have been imprisoned if convicted of the offense charged has elapsed, subject to s. 53.11 and the credit provisions of s. 973.155, the court shall order the defendant discharged subject to the right of the department to proceed against the defendant under ch. 51. If the department does not so proceed, the court may order such proceeding.
Section 53.11, Stats., referred to in the foregoing statute, establishes the grant of statutory good time during the period of commitment; sec. 973.155, Stats., also referred to therein, grants good time credit to persons committed under sec. 971.17, Stats., for all periods of precommitment confinement.
Section 971.17(4), Stats., the subsection in question, was enacted effective May 17, 1978. However, no expression of legislative intent as to the applicability of the subsection to persons committed prior to the effective date of the statute is apparent on the face of the statute. The question thus arises as to whether good time credit should be granted to those persons who were committed prior to the effective date of the statute. In my opinion, persons committed prior to the effective date of the statute should receive good time credit calculated from the effective date of the statute, but not for the period spent in commitment prior to the effective date of the statute.
Failure to grant good time credit earned after the effective date of the statute to those committed prior to the effective date of the statute, *Page 171 
while granting it to those committed after the effective date of the statute might well amount to a denial of constitutional equal protection. On the other hand, it would not appear to be required that persons committed prior to the effective date of the statute be granted good time credit for the period spent in commitment before the statute became effective. Rather, the more logical and legally well-supported course of action is to give good time credit to persons committed prior to the effective date of the statute only for the period of time spent in commitment after the effective date of the statute, In Matter of Guardianship ofNelson, 98 Wis.2d 261, 264, 296 N.W.2d 736 (1980).
This conclusion is prompted, first, by comparison with relevant statutes. Section 53.11, Stats., which is the statute initially providing for good time credit, and sec. 975.12, Stats., the statute which grants good time to sex offenders, specifically incorporate starting dates for the initial grants of good time provided for by those statutes. Section 971.17(4), Stats., the section here in question, does not. Similarly, sec. 973.155(5), Stats., the statute granting presentence credit for all periods of confinement, and sec. 53.11(3)(b), Stats., are expressly made retroactive by the terms of the statute. Section 971.17(4), Stats., as noted previously, is silent on its face as to retroactive application.
Maxims of statutory interpretation lend further support to the opinion advanced herein. For example, 82 C.J.S. Statutes 414, at 981, notes: "As a general rule, statutes are construed to operate prospectively unless the legislative intent that they be given retrospective or retroactive operation clearly appears from the express language of the acts, or by necessary or unavoidable implication." At 82 C.J.S. Statutes 415, at 990, the same compendium states: "In the absence of anything in the statute to overcome it, the presumption is that a statute operates prospectively only." See, also, Wipperfurth v. U-Haul Co. ofWestern Wis., Inc., 98 Wis.2d 516, 522, 297 N.W.2d 65 (1980).
A final consideration in support of the conclusion described in this response relates to the practical application of the statute. The purpose of the statute is to provide an incentive for appropriate behavior. Statutory good time can be lost by disciplinary proceedings. Therefore, *Page 172 
to grant it retroactively would defeat its purpose, since no adjustment could be made for disciplinary infractions which, had the statute been in effect at the time, might have resulted in a loss of a certain amount of good time.
In view of the foregoing legal and practical considerations, it is my opinion that persons committed pursuant to sec. 971.17, Stats., prior to the effective date of sec. 971.17(4), Stats., should be credited with good time earned pursuant to that statute only after its effective date.
BCL:PM-H